**DISTRICT COURT OF MARYLAND FOR** Anne Arundel County FILED; Anne Arundel District Court - Glen Burnie
Docket: 9/16/2020 9:26 PM; Submission: 9/16/2020 9:26 PM

LOCATED AT (COURT ADDRESS)
7900 Ritchie Hwy, Glen Burnie, MD 21060

**COMPLAINT/APPLICATION AND AFFIDAVIT**
**IN SUPPORT OF JUDGMENT**
☐ $5,000 or under ☐ over $5,000 ☒ over $10,000

| CASE NO. | |
|---|---|
| CV | D-07-CV-20-014430 |

Clerk: Please docket this case in an action of ☒ contract ☐ tort
☐ replevin ☐ detinue ☐ bad faith insurance claim
The particulars of this case are:

Fair Credit Reporting Act ("FCRA") 15 U.S. Code § 1681 et seq;

**PARTIES**

Plaintiff
Melody Russell
PO BOX 35
Glen Burnie, MD 21060

MD COMAR §09.03.07.04;

Maryland Rule 19-305 et seq.; and

Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§
13-101 through 13-501 (2013 Repl. Vol. and 2018 Supp.)

**VS.**

Please see attached complaint.

Defendant(s):
1. HIRERIGHT et al
Attn: Guy Abramo
3349 MICHELSON DRIVE, SUITE 150
IRVINE, CA 92612

Serve by:
☒ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

2.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

3.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

(See Continuation Sheet)

The plaintiff claims $ 25,000 ____, plus interest of $ _____,
interest at the ☐ legal rate☐ contractual rate calculated at _____%,
from _____ to _____ (_____ days x $ _____
per day) and attorney's fees of $ _____ plus court costs.
☐ Return of the property and damages of $ _____
for its detention in an action of replevin.
☐ Return of the property, or its value, plus damages of
$ _____ for its detention in action of detinue.
☒ Other: Court costs, fees, etc
and demands judgment for relief.

4.
Serve by:
☐ Certified Mail
☐ Private Process
☐ Constable
☐ Sheriff

**ATTORNEYS**

For Plaintiff - Name, Address, Telephone Number & Code
Pro Se
PO BOX 35
Glen Burnie, MD 21060
(443) 805-6379
wildriotentertainmentllc@gmail.com

Signature of Plaintiff/Attorney/Attorney Code          CPF ID No.
Printed Name: Melody Russell
Address: PO BOX 35 Glen Burnie, MD 21060
Telephone Number: (443) 805-6379
Fax:
E-mail: wildriotentertainmentllc@gmail.com

**MILITARY SERVICE AFFIDAVIT**

☐ Defendant(s) _____ is/are in the military service.
                                                    Name
☒ No defendant is in the military service. The facts supporting this statement are: Defendant is not a natural person

Specific facts must be given for the Court to conclude that each Defendant who is a natural person is not in the military.

☐ I am unable to determine whether or not any defendant is in military service.
I hereby declare or affirm under the penalties of perjury that the facts and matters set forth in the aforegoing Affidavit are true and correct to
the best of my knowledge, information, and belief.

16 September 2020
Date                                                    Signature of Affiant

**APPLICATION AND AFFIDAVIT IN SUPPORT OF JUDGMENT (See Plaintiff Notice on Back Page)**
Attached hereto are the indicated documents which contain sufficient detail as to liability and damage to apprise the defendant clearly of the
claim against the defendant, including the amount of any interest claimed.
☐ Properly authenticated copy of any note, security agreement upon which claim is based ☐ Itemized statement of account ☐ Interest worksheet
☐ Vouchers ☐ Check ☐ Other written document ☒ Presented through evidence ☐ Verified itemized repair bill or estimate
I HEREBY CERTIFY: That I am the ☒ plaintiff ☐ _____ of the plaintiff herein and am competent to testify
to the matters stated in this Complaint, which are made on my personal knowledge; that there is justly due and owing by the defendant to the
plaintiff the sum set forth in the Complaint.
I solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the above Complaint are true and I am
competent to testify to these matters.

16 September 2020
Date                                                    Signature of Affiant

DC-CV-001 (front) (Rev. 12/2018)

E-FILED; Anne Arundel District Court - Glen Burnie
Docket: 9/3/2020 9:54 PM; Submission: 9/3/2020 9:54 PM

# IN THE DISTRICT COURT OF MARYLAND
# IN AND FOR ANNE ARUNDEL COUNTY

MELODY RUSSELL
PO BOX 35
GLEN BURNIE, MD 21060
*Plaintiff*


vs                                                    CIV:   D-07-CV-20-014430



HIRERIGHT et al
3349 MICHELSON DRIVE
SUITE 150
IRVINE, CA 92612
*Defendant*

### ORIGINAL COMPLAINT

1) COMES NOW, PLAINTIFF Melody Russell, to seek relief from said DEFENDANT Hireright et al, under Fair Credit Reporting Act ("FCRA") 15 U.S. Code § 1681 et seq; MD COMAR §09.03.07.04, Maryland Rule 19-305 et seq., and Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol. and 2018 Supp.) before this Honorable Court.

2) Plaintiff appears in Good Faith. Plaintiff requests permission to include evidence in electronic form, as well as in permission to subpoena evidence as needed for trial.


<u>Preliminary Statement</u>

3) This is a case about the Defendant, a consumer reporting agency, and their willful failure to follow federal and state laws designed to protect consumers from inaccurate, misleading, and manifestly improper consumer reporting practices.

4) Employers, lenders, and landlords use consumer reports to screen applicants, borrowers and tenants. They use the reports to deny people jobs, credit, housing and access to other means by which to live.

5) Recognizing that the content of consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use and content of those reports through the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 et seq.

6) The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information."

7) To achieve its goals, Congress has imposed strict limitations on the content of consumer reports and has also imposed requirements intended to ensure that consumers are easily able to access their own files.

8) HireRight is one of the largest consumer reporting agencies in the United States. It provides consumer reports to employers, landlords, and creditors.

9) HireRight's business extends beyond providing consumer reports to employers; they also encompass the provision of human resources support and assistance.

10) Specifically, in the context of employment, HireRight (on behalf of its employer-clients) has a service whereby it will adjudicate the job applicants' eligibility for employment based on a comparison of the information contained in its consumer reports with hiring criteria specified by the employer.

11) With matters involving the completion of 50 U.S. Code § 3341, employers rely on their reports, for the purposes of providing them to clearance investigators who investigate Forms SF-85 and SF-86.

12) HireRight routinely and systematically violates multiple provisions of the FCRA in connection with its issuance of consumer reports and adjudication of consumer eligibility for employment.

13) As further discussed herein, HireRight has violated and continues to violate the FCRA by:

   a. Deliberately reporting what they knew to be false (15 U.S.C. § 1681s-2(b)); and

   b. Failing to properly actively assisting employers to violate state equal opportunity laws and regulations by reporting charges dismissed by court order pursuant to Maryland law in reports prepared for employment purposes, even though Maryland law prohibits the inclusion of this information in employment reports and in spite of FCRA's explicit prohibition on the provision of reports which violate state law (15 U.S.C. §§ 1681b(b)(1)(A)(ii) and 1681e(a)); and

   c. failing to provide consumers with full-file disclosures despite written requests they do so pursuant to 15 U.S.C.§ 1681g(a)(1).

14) Plaintiff, as a result of the negligence of the Defendant suffered an injury in fact that is fairly and obviously traceable to the challenged conduct of the Defendant. The Defendant's false information was provided to an investigator, as Plaintiff was undergoing a security clearance. The false information clogged up her security background investigation,

resulting in Plaintiff being laid off by her employer. Plaintiff requests this Honorable Court to render a favorable judicial decision in behalf of the Plaintiff.

## Parties Involved

15) Plaintiff is a natural person that resided in the State of Maryland at all times relevant to this Cause of Action.

16) Defendant HireRight, Inc. is a consumer reporting agency that focuses on providing consumer reports for employment purposes. It does business throughout the United States, including in the County of San Diego. HireRight's website is www.hireright.com, and general information about HireRight's business can be found at www.hireright.com/About-Us.aspx.

17) HireRight is a consumer reporting agency within the meaning of the FCRA. For monetary fees, HireRight engages in the practice of assembling information on consumers for the purpose of furnishing consumer reports to third parties and uses interstate commerce, including the mail and internet, for the purpose of preparing and furnishing such reports.

18) HireRight specializes in furnishing consumer reports for employment purposes, i.e. providing background checks to employers for their use in taking adverse employment action, such as termination, failure to hire, and failure to promote. In fact, according to its website, HireRight provides consumer reports to thousands of employers, including over one third of the Fortune 500 companies.

## Jurisdiction and Venue

19) This Court has jurisdiction over Plaintiffs' claims based on concurrent jurisdiction under Court. Md. Code Ann., Cts. & Jud.Proc. §§ 6-103 and 6-201 (2013 Repl. Vol. and 2018 Supp.).

20) Venue is proper in the State of Maryland because a Plaintiff is a resident of the state of Maryland, and this Cause of Action factually occurred within the state of Maryland.

## Statutory Background

21) The FCRA is Congress's effort to ensure that consumer reporting agencies are required to report information in a manner which is fair and equitable to the consumer, and with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

22) To achieve its goals, Congress requires consumer reporting agencies to follow stringent procedures to ensure that whenever criminal history information is reported, it is accurate, complete, and up to date.

23) The accuracy and completeness of the information notwithstanding, Congress has further required employers to provide consumers with notice of their rights under the Act and a

copy of their consumer report prior to taking any adverse action. This notice is intended to provide applicants with an opportunity to dispute the information reported.

24) Pursuant to 15 U.S.C. § 1681g, consumer reporting agencies are further required, on request, to provide consumers with the full file maintained on the consumer by the reporting agency. The "full file" includes "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). The purpose of this requirement is to allow consumers to determine the accuracy of the information set forth in their files and to determine the bases upon which any adverse actions were taken. See *Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007).

25) In addition, the FCRA also imposes strict regulations prohibiting consumer reporting agencies from reporting obsolete information. Obsolete information includes any adverse information, other than a conviction for a crime, that antedates the report by more than seven years. 15 U.S.C. § 1681c(a)(2) and (5).

26) Lastly, prior to furnishing a consumer report for employment purposes, the consumer reporting agency must obtain a certification from the user that the user will not use the information disclosed in the consumer report to violate any applicable federal or state equal employment opportunity law or regulation. 15 U.S.C. § 1681b(b)(1)(A)(ii).

27) No consumer reporting agency may furnish a consumer report to any person if it has reasonable grounds for believing that the consumer report will not be used for a purpose permitted under the FCRA. 15 U.S.C. § 1681e(a).

28) HireRight receives the above-described certification from its employer-customers.

29) However, in direct disregard of its statutory obligations and the written certification entered into between the parties, HireRight actively assists employers in violating Maryland laws and regulation by adjudicating, on behalf of the employer, with false and incorrect consumer information, resulting in providing false information about consumers to federal investigators.

30) Hireright routinely engages in unauthorized practice of law, instead of performing their legal requirements under the FCRA.

31) Based on HireRight's conduct, Plaintiff assert FCRA claims on behalf of herself. Plaintiffs seeks statutory damages, punitive damages, expenses, costs and all available other appropriate relief.

<u>Summary</u>

<u>First Claim for Relief</u>

(Negligent Noncompliance with FCRA)

32) Plaintiff realleges and incorporates all paragraphs.

33) Defendant negligently failed to comply with the requirements of FCRA by:

    (a) failing to comply with the requirements in 15 USC §1681e(b);

    (b) failing to comply with the requirements in 15 USC §1681i;

    (c) failing to comply with the requirements in 15 USC §1681b(a);

    (d) failing to comply with the requirements in 15 USC §1681g; and

    (e) failing to comply with the requirements in 15 U.S. Code § 1681s–2.

34) Plaintiff currently is unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these defendants. Plaintiff reserves the right to amend this complaint to add such violations as they become known.

35) As a result of Defendant's failure to comply with the requirements of FCRA, Plaintiff has suffered actual damages, including a layoff, due to consistent inaccurate reporting, which delayed the investigation of a security clearance, as well as emotional distress for which she seeks damages in an amount to be determined by the Court.

36) Plaintiff requests reimbursement for all expenses pursuant to 15 USC §1681 et seq.

<u>Second Claim for Relief</u>

(Willful Noncompliance with FCRA)

37) Plaintiff realleges and incorporates all paragraphs.

38) Defendant willfully failed to comply with the requirements of FCRA by:

    (f) failing to comply with the requirements in 15 USC §1681e(b);

    (g) failing to comply with the requirements in 15 USC §1681i;

    (h) failing to comply with the requirements in 15 USC §1681b(a);

    (i) failing to comply with the requirements in 15 USC §1681g; and

    (j) failing to comply with the requirements in 15 U.S. Code § 1681s–2.

39) Plaintiff currently is unaware of all the facts of this case and may learn through discovery of other violations of the FCRA by these defendants. Plaintiff reserves the right to amend this complaint to add such violations as they become known.

40) As a result of Defendants' failure to comply with the requirements of FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including a layoff, due to consistent inaccurate reporting, which delayed the investigation of a security clearance, as well as emotional distress for which she seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

41) Plaintiff requests reimbursement of expenses pursuant to 15 USC §1681 et seq.

## Third Claim of Relief

### MD COMAR §09.03.07.04

42) Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

43) Defendant failed to delete information found to be inaccurate, reinserted the information without following the MD FCRA, or failed to thoroughly and properly investigate Plaintiff's disputes.

44) Defendant failed to promptly re-investigate and record the current status of the disputed information and failed to promptly notify the consumer of the result of their investigation, their decision on the status of the information, and his rights pursuant to this section in violation of MD FCRA.

45) Defendant failed to clearly note in all subsequent consumer reports that the account in question is disputed by the consumer in violation of MD FCRA.

46) As a result of the above violations of the MD FCRA, Defendant is liable to Plaintiff for actual damages, punitive damages, statutory damages, and costs.

## Fourth Claim for Relief

### Maryland Rule 19-305 et seq.

47) Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

48) Within the past three years, Rae Forbes, an employee of the Defendant, provided incorrect and unauthorized legal advice to Plaintiff regarding matters under 50 U.S. Code § 3341, when neither he, nor the Defendant, were authorized, qualified, licensed to practice law in Maryland.

## Fifth Claim for Relief

### Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol. and 2018 Supp.)

49) Plaintiff re-states, re-alleges, and incorporates herein by reference, the previous paragraphs as if set forth fully in this cause of action.

50) The Furnisher Rule, that a furnisher of consumer information:

   (a) establish and implement reasonable written policies and procedures regarding the accuracy and integrity of the information relating to consumers that it furnishes to a consumer reporting agency, which must be appropriate to the nature, size, complexity, and scope of the furnisher's activities;

   (b) consider and incorporate the appropriate guidelines set forth in developing such policies and procedures; and

   (c) review such policies and procedures periodically and update them as necessary to ensure their continued effectiveness.

51) Defendant has failed to establish or implement reasonable written policies and procedures regarding the accuracy and integrity of the information Defendant furnished to consumer reporting companies, specifically with respect to Defendant's handling of indirect disputes.

52) Defendant has failed to consider or incorporate the appropriate guidelines set forth in developing its policies and procedures regarding the handling of indirect disputes.

53) For at least seven years, Defendant failed to review its indirect dispute handling policies and procedures and update them as necessary to ensure their continued effectiveness. Instead, despite knowing that its policies and procedures w ere outdated and ineffective, Defendant continued to distribute the same policies and procedures to employees as guidance for how to do their jobs.

54) Therefore, Defendant has violated Maryland Consumer Protection Act, Md. Code Ann., Corn. Law §§ 13-101 through 13-501 (2013 Repl. Vol. and 2018 Supp.).


### Prayer of Relief

WHEREFORE, Plaintiff requests that this Honorable Court grant the following relief:

1. A sum of $25,000, which includes:

   (a) Loss of salary.

   (b) Actual, statutory, and punitive damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

   (c) Actual, statutory, and punitive damages under the MD COMAR §09.03.07.04.

(d) Actual, statutory, and punitive damages under the Maryland Rule 19-305 et seq.

(e) Actual, statutory, and punitive damages under the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 through 13-501 (2013 Repl. Vol. and 2018 Supp.).

(f) Costs for filing Cause of Action.

2. Further injunctive relief.

3. Other and such relief as this Honorable Court sees fit.

RESPECTFULLY SUBMITTED,

/s/

_____

THE PLAINTIFF